FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 APR 29 AM 10: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

DONNA C. BOTTOMS,            )
     Plaintiff(s);          )
                       )
-vs.-                        )        No. CV-95-P-2710-S
                       )
ACORDIA NATIONAL INSURANCE   )
COMPANY and WICK'S LUMBER    )
COMPANY,                     )
     Defendant(s).          )

**ENTERED**

APR 2 9 1997

OPINION

     The defendants Acordia National Insurance Company, correctly designated as Acordia National, Inc. ("Acordia") and Wick's Lumber Company, correctly designated as Wickes Lumber Company ("Wickes") filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, which was considered at a prior motion docket. For the following reasons, this motion is due to be granted.

Facts[1] and Allegations

     The plaintiff, Donna Bottoms, was an employee of Wickes and was insured under a group medical policy known as the Wickes Lumber Company Health Care Plan (the "Plan"), which was subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. The Plan was administered by Acordia, a third party administrator. This administration included the processing of claims and billing and collection of COBRA premiums. Bottoms left Wickes August 31, 1994 but continued insurance coverage under COBRA. On April 27, 1995 Bottoms

---

     1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

18

gave birth. Subsequently, Acordia terminated Bottoms' coverage retroactive to April 26 or some time thereafter. Many of the bills associated with the delivery of Bottoms' child were not paid for by the Plan. The Plan contained a procedure for appeals and administrative review, which Bottoms did not pursue. Bottoms did not know of the appeals procedure.

On October 23, 1995 Bottoms filed a complaint asserting claims of bad faith refusal to pay and breach of contract against Acordia. On June 14, 1996 Bottoms amended her complaint to add Wickes as a defendant and assert claims under ERISA against Acordia and Wickes. The defendants argue that all state law claims are preempted by ERISA and that the ERISA claims are due to be dismissed because Bottoms did not follow the administrative remedies available to her under the Plan. The plaintiff agrees that the state law claims are preempted by ERISA. The plaintiff argues that she falls within an exception to the ERISA exhaustion requirements because she was not aware of her administrative remedies under the Plan and was thus denied meaningful access to the review procedures. She also argues that she is entitled to compensatory and punitive damages under ERISA.

## Analysis

A plaintiff must exhaust all administrative remedies provided to her in an ERISA-governed plan before pursuing an ERISA claim in federal court. *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160 (11th Cir. 1992). An exception to the exhaustion requirement exists where the plaintiff is denied meaningful access to the review procedures. *Curry v. Contract Fabricators Incorporated Profit Sharing Plan*, 891 F.2d 842, 846-47 (11th Cir. 1990) The exception requires that the plaintiff show that the employer acted deliberately or affirmatively to deny the plaintiff access to the plan's appeals process. *Id.* Bottoms states that she did not know of the appeals process.

2

However, she has not alleged that she made any requests for information that were denied or ignored, or that Wickes or Acordia in any way acted affirmatively to deny her information or access to administrative remedies. Therefore, the plaintiff was not denied meaningful access to administrative remedies and her ERISA claim is due to be dismissed for failure to pursue administrative remedies. Because the plaintiff's state law claims are preempted by ERISA, and because her ERISA claims are due to be dismissed, it is not necessary to address the plaintiff's argument that she is entitled to recover compensatory and punitive damages.


Dated: April 29 , 1997

Chief Judge Sam C. Pointer, Jr.


Service List:
    Mr. John F. Kizer, Jr.
    Mr. Tom Burgess